IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| **EILEEN LENTCHNER-DORSEY,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Civ. Action No. 3:05CV337 |
| ) | |
| **EXPERIAN INFORMATION SOLUTIONS,** ) | |
| **INC., et al.,** ) | |
| ) | |
| **Defendants.** ) | |

## MEMORANDUM OPINION

This matter is before the court on the Plaintiff's non-dispositive motion to compel discovery (docket entry nos. 28-29) and the Defendant Experian Information Solutions, Inc. (Experian) objections to the requested production and disclosure (docket entry no. 32).[1] The court is advised as the result of the required "meet and confer" obligations of counsel that several of the issues have been resolved as identified by counsel on the record at the hearing on the motion. Therefore, the court will address and resolve those issues about which there remains dispute, with the directive to counsel to promptly resolve particular discovery demands accordingly.

Plaintiff seeks the disclosure/production of all lawsuits and state or federal agency actions brought against the Defendant involving the same type of allegations as are the subject of this action. The court finds that such a discovery demand may at least lead to potentially relevant information, given the allegations of willful violation and corresponding demand for punitive

---

[1] The case was referred to this court "for all matters of pretrial management, including resolution of all non-dispositive issues." (Order, 8/1/05) (docket entry no. 13).

damages, subject, however, to defining a reasonable scope of the inquiry. In this regard, the court finds that a reasonable delineation is to restrict production to those actions that involved allegations that the Defendant violated the Fair Credit Reporting Act (FCRA) and/or the Federal Real Estate Settlement Procedures Act (RESPA) as the result of having lost or misapplied a payment and all actions taken in response thereto that were alleged to be in violation of FCRA or RESPA, namely, any failure to conduct a reasonable investigation or re-investigation in response to any complaint or inquiry from the consumer involved, any credit reporting agency (ACDV inquiry), or creditor as well as any failure to take appropriate measures to correct any deficiencies, including notification of all relevant parties. As to a relevant time frame, defense counsel has urged that the appropriate period is since the time of the entry of the 2004 consent decree by the Federal Trade Commission in <u>Currie v. Fairbanks</u>. That case involved similar allegations against this same Defendant and may arguably constitute discoverable information relevant to the issue of whether the Defendant failed to take appropriate action in response to the Plaintiff's situation after having been put on notice as to violative conduct. The court finds that such a short time frame of just the past year is too restrictive and that a more appropriate demarcation is when the <u>Currie</u> action formally commenced which would have presumably put the Defendant on some notice that such actions were being challenged.[2]

---

[2] Yet additional motions have just been filed by the Defendant seeking to preclude discovery by the Plaintiff of all complaints involving the Defendant that were forwarded to the Better Business Bureau by the Defendant concerning the Defendant's compliance with the <u>Currie</u> Consent Decree as well as production by the consultant source who was engaged by the Defendant to ensure compliance with the <u>Currie</u> Consent Decree (docket entry nos. 39-42). Given the impending return and trial date and subject to reconsideration upon review of any forthcoming response from the Plaintiff, the motions will be granted, but for the required production by Defendant of the complaints it forwarded to the Better Business Bureau.

During oral argument on the motion, Plaintiff's counsel addressed a discovery demand regarding any complaints that the Defendant may have received through a website, www.ripoff.com. Whether the reference is to a discovery demand encompassed by the pending motion or in reference to some additional quest, the court sustains the Defendant's objection for the reason that such random complaints from unauthenticated sources, even if received by the Defendant, is too problematic for possible admissibility at trial to even be subject to discovery.

Finally, as to the Plaintiff's discovery demand for the personnel files of all defense witnesses as well as disclosure of any prior testimony by any of them, the court finds that such information is only potentially relevant as to those agents or employees (present or past) who were directly involved in processing the Plaintiff's attempted payments and responding to the Plaintiff's related complaint(s), including the re-investigation of the situation in response to the ACDV inquiries, such information being relevant only in regard to whether any of those individuals were eligible for some type of incentive for how they processed such complaints or whether disciplinary measures were taken for any action taken by them.[3] As to any prior testimony as may be relevant to establishing at trial prior inconsistent statements, it is appropriate to order identification of any prior testimony of those same individuals and, if in Defendant's present possession, production of their testimony and that of any additional defense witness who is (or was) acting in a supervisory capacity in the processing and/or investigation and related response in such matters.

---

[3] Such personnel files will be produced subject to the existing Protective Order.

An appropriate Order shall issue.

                                                          _____/s/_____
                                                          Dennis W. Dohnal
                                                          United States Magistrate Judge

Dated: 11/18/05