IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| **EILEEN LENTCHNER-DORSEY,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Civ. Action No. 3:05CV337 |
| | ) |
| **EXPERIAN INFORMATION SOLUTIONS,** | ) |
| **INC., et al.,** | ) |
| | ) |
| **Defendants.** | ) |

## MEMORANDUM OPINION

This matter is before the court on the Plaintiff's motion to reconsider the court's Order of November 18, 2005 (docket entry no. 44) that concerned matters of discovery. The court has reviewed the Defendant's response and entertained oral argument by telephone conference call with counsel on December 7, 2005. The matter is accordingly ready for resolution.

The Plaintiff's primary objection is that the court's Order unduly restricts his inquiry into what the court found to be a permissible area for discovery, namely, the number of occasions that the Defendant has been put on notice by other consumers of the same type of claims that are the basis of the instant litigation as that may be potentially relevant to issues of willfulness and punitive damages. For the reasons addressed in the court's earlier Memorandum Opinion, it determined that a reasonable time frame for the temporal parameters of such discovery would be from when the litigation known as <u>Currie v. Fairbanks</u> commenced that involved a class action resolution against the Defendant of the same type of claims as raised here. The court chose such a beginning point, rather than from the more recent date of the settlement of that action as urged by the defense, because of the brevity of the shorter period involved from date of settlement.

The Defendant thereupon commenced efforts to comply with the directive by examining pertinent records beginning in May 2003 when defense counsel represents the <u>Currie</u> action formally commenced, and counsel informed the court in the telephone conference call of December 7 that the process required individual review of thousands of individual files involving the expenditure of approximately 250 hours of effort. Counsel also informed the court that the process would have to be repeated if the time frame was expanded. Plaintiff's counsel, without abandoning his request for broader discovery of such information, nevertheless urges that the correct starting point should be in the 1999 time frame when the earliest of the acts occurred on which the claims in <u>Currie</u> were based. Plaintiff's counsel also informed the court that a defense Rule 30(b)(6) witness at least tacitly admitted in deposition that the Defendant had been receiving innumerable complaints with ensuing lawsuits before the <u>Currie</u> settlement and relatively few since. The Plaintiff nevertheless wants the production of such materials for at least the entire period from 1999 forward to challenge such evidence or to substantiate it in order to justify an award for willful violation. The defense protests on the basis that it resolved all such complaints and/or lawsuits in the <u>Currie</u> settlement and that it should not be held liable or suffer any adverse consequence for such acts again.

The court reiterates its finding that evidence of similar claims made in the <u>Currie</u> litigation that would have put the Defendant on notice of such issues is potentially relevant for the Plaintiff to demonstrate that any similar actions that occurred after the settlement, including that involving the Plaintiff, were undertaken with a degree of recklessness, if not willfulness, to support an enhanced award. As to the appropriate time frame, the court accepts defense counsel's representations of reasonable efforts having been made and that any additional effort

required to review additional records for an expanded period would be onerous.  Even more significantly, however, the court notes that the claims in any action commenced in May 2003 would necessarily involve allegations of actions taking place earlier that presumably involved notice to the Defendant, the much earlier beginning point of 1999 being too expansive.  In this same regard, the Plaintiff already has relevant evidence on the issue with what appears to be a party admission and that combined with the production that has been ordered from the Defendant and is available from another source (the Better Business Bureau), as hereafter discussed, should be sufficient.  For all these reasons, the court will reaffirm its earlier directive concerning the issue, with leave granted the Plaintiff to review the issue with the trial judge at an upcoming hearing that is scheduled on other matters.

      The Plaintiff also objects to the court's limitation of the Plaintiff's demand for records from the third party Better Business Bureau which the court imposed subject to review upon any subsequent submission by the Plaintiff, the court having ruled on a tentative basis in light of the then-impending trial date.  Plaintiff's counsel has now informed the court that full production in response to the discovery demand by the third party was available at the time of the November 18 Order, and that the Plaintiff is likely to be responsible for the full cost of such production regardless of any limitation imposed by the court.  In light of such a circumstance, the court concludes that full production in compliance with the original demand is appropriate, subject to any limitation by way of a motion *in limine* to be presented to the trial court in advance of trial proceedings.  The court's Order of November 18, 2005, is therefore vacated in such regard and counsel is authorized to communicate same to the third party involved.

      Finally, as to any deadlines for compliance, counsel informs the court that agreement has

either been reached for production of requested material or will be accomplished as to the scheduling of remaining depositions by close of business on December 9, 2005. Accordingly, the court is satisfied with the efforts being made, especially since trial proceedings have been continued.

      An appropriate Order shall issue.

                                       _____/s/_____
                                       Dennis W. Dohnal
                                       United States Magistrate Judge

Dated: 12/9/05